UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. SELLEY,

    Plaintiff,                                       Civil Action No.
                                                     15-cv-14350

v.                                                         Hon. Mark A. Goldsmith

MIDLAND COUNTY JAIL, et. al.;

    Defendants,
_____/

**OPINION AND ORDER
DISMISSING COMPLAINT AS DUPLICATIVE TO CASE # 15-14320**

Mark W. Selley ("Plaintiff"), who is confined at the Midland County Jail in Midland, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint, the Court dismisses it without prejudice because it is duplicative of a previously filed civil rights complaint.

In his current complaint, Plaintiff sues Midland County, the Midland County Jail, Sheriff Scott Stephenson of Midland County, Lieutenant Derocher, and Officer Herron. Plaintiff claims that Defendants failed to protect him and other inmates from being physically assaulted by a dangerous federal inmate who is or was incarcerated at the Midland County Jail. Plaintiff claims that he was seriously injured after being assaulted by this inmate. Plaintiff alleges that Defendants failed to provide him medical treatment for his injuries. Plaintiff claims that the county jail is unsafe for jail staff and inmates.

Plaintiff previously filed an identical lawsuit against these defendants raising the same claims, which remains pending before Judge Sean F. Cox. See <u>Selley v. Midland County Jail,et. al.</u>, U.S.D.C. No. 15-14320 (E.D. Mich.). This Court obtained this information from the docket sheet for the United States District Court for the Eastern District of Michigan. Public records and government documents, including those available from reliable sources on the Internet, are

1

subject to judicial notice. See United States ex rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A district court is permitted to take judicial notice of its own files and records in a prisoner civil rights case. See, e.g., Mangiafico v. Blumenthal, 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." Smith v. S.E.C., 129 F. 3d 356, 361 (6th Cir. 1997).  A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." Id.  The Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." In re Camall Co., 16 F. App'x 403, 408 (6th Cir. 2001).

Plaintiff's current civil rights complaint is, therefore, dismissed as duplicative of his civil rights case which remains pending before Judge Cox in Case # 15-cv-14320, because both cases seek the same relief against the same parties for the same alleged conduct.

SO ORDERED.

Dated:  December 23, 2015           s/Mark A. Goldsmith
Detroit, Michigan                   MARK A. GOLDSMITH
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2015.

s/Karri Sandusky
Case Manager